UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JAMES KILKENNY, et al., as TRUSTEES of :
the CONSTRUCTION COUNCIL LOCAL 175 :   Civil Action No.: _____
PENSION FUND, JAMES KILKENNY, et al., :
as TRUSTEES of the CONSTRUCTION :   Hon.
COUNCIL LOCAL 175 WELFARE FUND, :
JAMES KILKENNY, et al., as TRUSTEES of :
the CONSTRUCTION COUNCIL LOCAL 175 :
ANNUITY FUND, and JAMES KILKENNY, et :
al., as TRUSTEES of the CONSTRUCTION :
COUNCIL LOCAL 175 TRAINING FUND, :
                                                                      :
Plaintiffs,                                                        :
                                                                      :
            -against-                                           :
                                                                      :
                                                                      :
GENESUS ONE ENTERPRISE, INC.,           :
                                                                      :
Defendant.                                                      :
                                                                      :
------------------------------------------------------------ x

## COMPLAINT

Plaintiffs, the Trustees and Fiduciaries ("Plaintiffs" or the "Trustees") of the Construction Council Local 175 Pension Fund (the "Pension Fund"), the Construction Council Local 175 Welfare Fund (the "Welfare Fund"), the Construction Council Local 175 Annuity Fund (the "Annuity Fund"), and the Construction Council Local 175 Apprenticeship, Skill Improvement and Training Fund (the "Training Fund") (hereinafter the Pension Fund, the Welfare Fund, the Annuity Fund, and the Training Fund are referred to collectively as the "Funds"), by their attorneys, Rothman Rocco LaRuffa, LLP, complaining of Defendant Genesus One Enterprise, Inc., ("Genesus" or "Defendant"), allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income

Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Funds receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and Construction Council Local 175, Utility Workers of America, AFL-CIO, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Funds are administered at 99 Mineola Avenue, Roslyn Heights, New York 11577, and venue is proper in the U.S. District Court for the Eastern District of New York.

3. Genesus is an employer engaged in an industry affecting commerce which, for all times relevant hereto, was party to a Collective Bargaining Agreement whose terms require Defendant to make fringe benefit contributions to the Funds.

4. Upon information and belief, the Collective Bargaining Agreement also binds Genesus to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements").

5. Genesus is required to make contributions to the Funds for each hour worked by its paving employees at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreements. In addition, Genesus is required to make contributions to the Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

6. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreement, Genesus is required to provide access to the records necessary for the Funds to determine whether Genesus complied with its obligation to contribute to the Funds.

7. Genesus breached the provisions of the Collective Bargaining Agreement by

failing to allow Plaintiffs to complete an audit of Defendant's books and records for the period April 2012 through June 2018 after demand for audit was made upon Genesus.

8.  Plaintiffs engaged the undersigned attorneys to compel the audit of the Defendant's books and records.

9.  Genesus is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D).

10.  According to the Collective Bargaining Agreement, the Trust Agreements and/or 29 U.S.C. §1132(g), Genesus is obligated to pay any fringe benefit contributions shown to be due upon completion of the audit, as well as liquidated damages and interest.

11.  Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of: (a) double interest; or (b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A.  That the Defendant, Genesus One Enterprise, Inc., be required to provide access to its records within ten (10) days for the period April 2012 through June 2018 so that the audit can be completed.

B.  That Genesus One Enterprise, Inc. be ordered to pay all contributions shown to be due upon completion of the audit.

C.  That Genesus One Enterprise, Inc. be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs.

D.  That Genesus One Enterprise, Inc. be ordered to pay liquidated damages and

interest.

E. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

>Respectfully submitted,
>
>ROTHMAN ROCCO LaRUFFA, LLP
>*Attorneys for Plaintiffs*
>
>　　　*/s/ Matthew P. Rocco*
>By: _____
>　　Matthew P. Rocco
>　　William K. Wolf
>3 West Main Street, Suite 200
>Elmsford, New York 10523
>T: (914) 478-2801
>F: (914) 478-2913
>Email: mrocco@rothmanrocco.com

Dated:　December 13, 2018
　　　　 Elmsford, New York